UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZELEKE KASSAHUN,

        Petitioner,

v.

ALBERTO GONZALES, *et al.*,

        Respondents.

No. CV04-1465RSL

ORDER DENYING MOTION TO
SCHEDULE HEARING ON
NATURALIZATION APPLICATION

This matter comes before the Court on petitioner Kassahun's "Motion to Schedule Hearing for Naturalization Application" (Dkt. #24). Petitioner requests a hearing before the Court on his application for naturalization and for the application to be approved. He requests this hearing under 8 U.S.C. § 1447(b) which grants district courts jurisdiction over such questions when the United States Citizenship and Immigration Services ("USCIS") fails to resolve a naturalization application within 120 days of a naturalization examination interview. Once a district court has jurisdiction under § 1447(b), it may either "determine the matter," or remand the matter "with instructions that, presumably, the INS is required to heed." United States v. Hovsepian, 359 F.3d 1144, 1160 (9th Cir. 2004). Respondents concede that the Court has jurisdiction under § 1447(b), but argue that the Court should not review petitioner's application itself, but should instead remand petitioner's case back to USCIS. Because

ORDER DENYING MOTION TO
SCHEDULE HEARING ON
NATURALIZATION APPLICATION-1

petitioner's FBI fingerprint check and "name check" have already been completed, respondents estimate that petitioner's naturalization application can likely be adjudicated within 30 days.

The Court agrees with respondents and concludes that remand to USCIS is consistent with the Supreme Court's reasoning in INS v. Ventura, 537 U.S. 12, 16-17 (2002) (per curium):

> Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.  This principle has obvious importance in the immigration context. . . . The agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and in so doing, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides.

See also Khelifa v. Chertoff, 433 F. Supp.2d 836, 843 ("More generally, a remand is consistent with the rule that, 'generally speaking, a court . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.'") (quoting Ventura, 537 U.S. at 16-17).  Further, the fact that respondents have already completed petitioner's fingerprint check and "name check" significantly reduces the danger the petitioner's application will continue to avoid resolution.

The Court therefore DENIES petitioner's motion without prejudice and remands petitioner's application to the USCIS which is instructed to adjudicate petitioner's application within 30 days of this order.[1]

DATED this 19th day of June, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Petitioner may refile his motion if USCIS fails to adjudicate his application within the Court's stated timeframe.

ORDER DENYING MOTION TO
SCHEDULE HEARING ON
NATURALIZATION APPLICATION-2